UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB SILVERMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>CORPORAL CARDELL,<br><br>    Defendant. | Case No. 16-06802 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983.[1] The Court dismissed Plaintiff's complaint with leave to amend. (Docket No. 13.) Plaintiff has filed a third amended complaint which is before the Court for an initial review.[2] (Docket No. 18, hereafter "TAC.")

///

---

[1] The matter was reassigned to this Court on January 26, 2018. (Docket No. 17.)

[2] After the order of dismissal with leave to amend, Plaintiff filed a single page document entitled "second amended complaint," (Docket No. 14), and subsequently another document using the court's form complaint, (Docket No. 18), which the clerk filed as a "third amended complaint." Because the latest document conforms with the pleading requirements, the Court will disregard the "second amended complaint" and construe the latest filing as the operative "amended complaint."

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that on September 28, 2016, Defendant Corporal Cardell ordered him to submit to handcuffs. (TAC at 3.) Plaintiff immediately complied, and then "was pushed forward and grabbed by the jumpsuit neck collar and propelled forward with force at a heightened dangerous pace." (*Id.*) Plaintiff claims he suffered "an abrasion to his anal area," and was "denigra[t]ed, embarrassed, and oppressed in front of himself and all bottom tier inmates." (*Id.*) Plaintiff also claims that Defendant Cardell lied on the rules violation report in charging Plaintiff with ignoring all orders, and that the hearing officer "granted only 2 inmate witnesses, no staff, and no overhead camera evidence to confront [Defendant]'s malicious and falsified conduct." (*Id.*)

**1.     Excessive Force Claim**

In the court's order of dismissal with leave to amend, the Court dismissed the first

2

claim of excessive force against Defendant Cardell for lack of any "discernable injury." (Docket No. 13 at 2-3.) The only difference between the original complaint and the TAC is Plaintiff's new allegation of injury, i.e., "an abrasion to his anal area." (Compl. at 3.)

Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). A significant injury is not a threshold requirement for stating an excessive force claim. *Id.* at 7. Whether the alleged wrongdoing is objectively harmful enough to establish a constitutional violation is contextual and responsive to contemporary standards of decency. *Id.* at 8 (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Contemporary standards of decency are always violated when prison officials maliciously and sadistically use force to cause harm "whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury." *Id.* at 9; *Felix v. McCarthy*, 939 F.2d 699, 701-02 (9th Cir. 1991) (it is not degree of injury which makes out violation of Eighth Amendment but use of official force or authority that is intentional, unjustified, brutal and offensive to human dignity).

This is not to say that the "absence of serious injury" is not relevant to the Eighth Amendment inquiry. *Hudson*, 503 U.S. at 7. The extent of injury suffered by an inmate is one factor that may suggest whether the use of force could possibly have been thought necessary in a particular situation. *Id*. The extent of injury may also provide some indication of the amount of force applied. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). But not every malevolent touch by a prison guard gives rise to a federal cause of action. *Hudson*, 503 U.S. at 9. The Eighth Amendment's prohibition of cruel and unusual

3

punishment necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. *Id*. An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim. *Id*.

Plaintiff alleges that Defendant Cardell "pushed," "grabbed by the jumpsuit neck collar," and "propelled" him forward "at a heightened dangerous pace." (Compl. at 3.) However, this description of the type of force applied by Defendant Cardell is not "of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9. Even if the Court assumes the allegations are true, there is no allegation that Defendant applied such force for the "malicious and sadistic purpose of causing harm," and his actions were neither brutal nor offensive. *Id.* at 6; *Felix*, 939 F.2d at 701-02. Furthermore, the extent of injury here, described by Plaintiff as nothing more than an "abrasion" which apparently was discernable only to Plaintiff, indicates that the force used was not excessive. Accordingly, the Court finds that Plaintiff has failed to state an excessive force claim against Defendant Cardell. This claim must be denied for failure to state a claim. This being Plaintiff's second attempt, no leave to amend shall be granted.

### 2. False Disciplinary Report Claim

Plaintiff's second claim is that Defendant Cardell filed a false disciplinary report based on this incident. In the order of dismissal with leave to amend, Plaintiff was advised that there is no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct that may result in the deprivation of a protected liberty interest, but that he may attempt to state a claim based on the violation of procedural due process at the disciplinary hearing. (Docket No. 13 at 3.)

The Supreme Court established in Wolff v. McDonnell, 418 U.S. 539 (1974), five procedural requirements in connection with disciplinary proceedings. First, "written notice

4

of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Id.* at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id*. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id*. Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Id*. at 566. Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Id.* at 570.

Plaintiff claims that the hearing officer "granted only 2 inmate witnesses, no staff, and no overhead camera evidence to confront [Defendant]'s malicious and falsified conduct." (Compl. at 3.) With respect to the allegation of "no staff," there is no indication, and Plaintiff does not assert, that he is an "illiterate inmate" or that the "complexity of the issues" required the assistance of staff; rather, the issue involved in the underlying incident – i.e., ignoring orders – was clearly not complex. Furthermore, *Wolff* not does require that Plaintiff be provided with "overhead camera evidence" to defend against disciplinary charges. Accordingly, Plaintiff makes no allegation indicating that he was denied any procedural protections under *Wolff* in the disciplinary proceedings for the allegedly "false" report created by Defendant Cardell. Accordingly, Plaintiff has failed to state a cognizable due process claim. This claim must be denied for failure to state a claim. This being Plaintiff's second attempt, no leave to amend shall be granted.

5

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has failed to state sufficient facts to support excessive force and procedural due process claims. Plaintiff has already been afforded an opportunity to state sufficient facts to support such claims, and has failed to do so. Accordingly, this action is **DISMISSED** for failure to state a claim for which relief can be granted. *See* 28 U.S.C. § 1915A(b)(1),(2).

**IT IS SO ORDERED.**

**Dated: \_\_\_7/11/2018_____**

_____
BETH LABSON FREEMAN
United States District Judge